UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN J. LOCKOVICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 05-40051-FDS |
| ) | |
| SANDRA HOWARD, F. BHATTI, ) | |
| JAMES WATKINS, DARIN WIEGERS, ) | |
| JOHN DOE #1, JOHN DOE #2, ) | |
| JOHN DOE #3, and JOHN DOE #4, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTIONS FOR
SUMMARY JUDGMENT AND TO COMPEL ANSWERS TO INTERROGATORIES

**SAYLOR, J.**

This is a *pro se* action by a federal prisoner against various medical personnel for allegedly improper medical treatment he received in prison. Defendants Dr. Sandra Howard, Dr. F. Bhatti, James N. Watkins, Jr., and Darin Wiegers have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons stated below, the motion to dismiss for lack of subject matter jurisdiction will be denied; the complaint will be dismissed as to defendants Watkins and Wiegers; and the motion to dismiss as to defendants Howard and Bhatti will be treated as a motion for summary judgment and plaintiff will be given an additional opportunity to oppose it.

Plaintiff has also filed two motions for summary judgment (both essentially seeking entry of a default judgment) and a motion to compel answers to interrogatories. Those motions will be

denied.

**I.     Factual Background**

On October 24, 1996, the United States District Court for the Western District of Pennsylvania sentenced plaintiff John Lockovich to an 18-month term of incarceration and a three-year term of supervised release for wire fraud.  18 U.S.C. § 1343.  Plaintiff was released on February 4, 1998, based on credit for good conduct time.  Following a violation of his supervised release, plaintiff was sentenced by the same court on December 17, 2001, to a 24-month term of incarceration and a two-year period of supervised release.  On March 7, 2002, prior to completing that sentence, plaintiff was sentenced to a consecutive 27-month term of incarceration with a three-year period of supervised release for possessing a stolen firearm in violation of 18 U.S.C. § 922(j).

On March 22, 2005, plaintiff, who was then incarcerated at the Federal Prison Camp at Ashland, Kentucky ("FPC Ashland"), filed a *pro se* complaint against four named defendants. The complaint alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by exhibiting deliberate indifference to his medical needs and intentionally exposing him to excessive health risks.  Plaintiff seeks "monetary, compensatory, punitive and any other damages" for his "physical pain and mental anguish."

Plaintiff specifically alleges that he received improper medical treatment while incarcerated at the Federal Medical Center in Devens, Massachusetts ("FMC Devens") between March 15 and November 25, 2002.  According to the complaint, plaintiff has suffered two heart attacks, complications relating to a 1993 open heart surgery, seven blood clots, a stroke, several mini-strokes, lupus coagulant disorder, and chronic knee problems.  Defendants Howard and Bhatti are

physicians; defendant Watkins is a pharmacist; and defendant Wiegers is a physicians' assistant. Plaintiff claims that defendants withheld prescribed medications, failed to inform FMC Devens medical staff about proper administration procedures, and wrongfully terminated Lovenox injections. He argues that this conduct resulted in severe pain and an otherwise unnecessary cardiac catheterization which posed a severe risk to his life given his medical history. Finally, plaintiff claims that defendants willfully ignored his verbal and written requests for treatment of chronic knee pain.

The action purports to have been brought under 42 U.S.C. § 1983. Because plaintiff seeks damages against federal employees for injuries sustained as a result of prison conditions and does not challenge the fact or duration of his confinement, the complaint will be construed as a *Bivens* action. *See Kane v. Winn*, 319 F. Supp. 2d 162, 213 (D. Mass. 2004).

Defendants Howard and Watkins were served on June 7, 2005. Defendants Bhatti and Wiegers do not appear to have been served as of the date of this decision. Plaintiff has also named four "John Doe" defendants, none of whom have been identified.

## II.  Motion to Dismiss

On October 25, 2005, defendants moved to dismiss the complaint on the grounds that (1) defendants Watkins and Wiegers are entitled to absolute immunity due to their status as Public Health Employees; (2) plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); (3) defendants are entitled to dismissal on the basis of qualified immunity because the allegations contained in the complaint do not implicate the violation of a clearly established constitutional right; and (4) defendants Howard and Watkins, who are essentially named in their administrative capacities, cannot be held

liable on a theory of *respondeat superior*.

### A.     Absolute Immunity - Public Health Employees

Defendants Watkins and Wiegers contend that as Public Health Service ("PHS") employees they are absolutely immune from liability for plaintiff's medical misconduct claims because the alleged improper behavior occurred within the scope of their employment. Watkins and Wiegers have both filed declarations confirming that they are PHS employees, and each has attached to his declaration a record entitled "Appointment and Call to Active Duty" from the Department of Health and Human Services. These documents indicate that both Watkins and Wiegers were PHS employees at the time of the alleged improper medical conduct.

Under the Public Health Service Act, 42 U.S.C. § 233(a), the exclusive remedy for "damages for personal injury . . . resulting from the performance of medical, surgical, dental or relating functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment" is a claim against the United States under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671, *et seq. See Navarrete v. Vanyur*, 110 F. Supp. 2d 605, 606 (N.D. Ohio 2000) (noting that "Congress has expressly made the FTCA an inmate's sole remedy for injuries received by Public Health Service Officers acting within the scope of their employment" (citation omitted)); *Lewis v. Sauvey*, 708 F. Supp. 167, 168-69 (E.D. Mich. 1989).[1] Thus, the Public Health Service Act makes the proper defendant "the United States and only the United States." *Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000); 42 U.S.C. § 233(a), (g).

---

[1] The fact that plaintiff alleges violations of his civil rights, rather than negligence by defendants, does not require a different result. *See, e.g., Brown v. McElroy*, 160 F. Supp. 2d 699, 703 (S.D.N.Y. 2001).

Because the evidence establishes that Watkins and Wiegers are PHS employees entitled to absolute immunity under the Public Health Service Act, 42 U.S.C. § 233(a), plaintiff's claims as to Watkins and Wiegers must be dismissed, whether or not plaintiff has exhausted his administrative remedies.[2] The PLRA specifically provides that

> [t]he court shall . . . dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . if the court is satisfied that the action . . . seeks monetary relief from a defendant who is immune from such relief. [*T*]*he court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies*.

42 U.S.C. § 1997e(c) (emphasis added). Therefore, the claims against Watkins and Wiegers will be dismissed with prejudice.

### B.   Failure to Exhaust Administrative Remedies under the PLRA

#### 1.   The Requirement of Exhaustion

Defendants contend that the Court lacks subject matter jurisdiction over this matter because plaintiff has not exhausted his administrative remedies as mandated by the PLRA. The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Since the PLRA was amended to include this language in 1996, the Supreme Court has

---

[2] Even if plaintiff had properly brought the claim against the United States rather than against defendants in their individual capacities, he first must have exhausted his administrative remedies. 28 U.S.C. § 2675(a); *McNeil v. U.S.*, 508 U.S. 106, 111-13 (1993) (affirming the dismissal of an inmate's challenge to prison conditions on the grounds that he had not exhausted administrative remedies as required by the FTCA, and noting that while pleadings prepared by prisoners without access to counsel should be liberally construed, and some procedural rules should be flexibly applied, the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *see also Wilder v. Luzinski*, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000).

5

had two occasions to resolve conflicting interpretations. In 2001, it eliminated the so-called "futility exception" derived from *McCarthy v. Madigan*, 503 U.S. 140, 154 (1992), and held that exhaustion is a prerequisite to suit even where, as here, a prisoner seeks only money damages and the available administrative process does not provide for such relief. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (stressing that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise" (citations omitted)); *see also Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (citations omitted). *Booth* made clear that the "availability" of administrative remedies refers to the existence of some sort of relief, even if not the type sought by the plaintiff. 532 U.S. at 741 (2001).

The following year, the Supreme Court defined "prison conditions" for purposes of the PLRA to include "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Since *Booth* and *Porter*, the lower federal courts have addressed the procedural aspects of the PLRA's exhaustion requirement. *See, e.g., McCoy v. Goord*, 255 F. Supp. 2d 233, 247 (S.D.N.Y. 2003).

It is undisputed that the PLRA mandates compliance with the grievance procedures of the Bureau of Prisons ("BOP") prior to commencing a *Bivens* action in District Court. *See Maraglia v. Maloney*, 365 F. Supp. 2d 76, 80 (D. Mass. 2005) (*citing Porter*, 534 U.S. at 520). It is equally clear that plaintiff's claim falls squarely within the scope of the PLRA, as his claim arises from allegedly inadequate medical care. *Wilson v. Seiter*, 501 U.S. 294, 300 n. 1 (1991) (holding that "if an individual prisoner is deprived of needed medical treatment, that is a condition of *his* confinement, whether or not the deprivation is inflicted upon everyone else (emphasis in

original)); *Witzke v. Femal*, 376 F.3d 744, 751 (7th Cir. 2004); *Harris v. N.Y.C. Dep't of Corrections*, 2001 WL 845448 at *2 (S.D.N.Y. July 25, 2001) (noting that "a consensus has clearly developed that an action alleging deliberate indifference to medical needs is an action 'with respect to prison conditions' . . . under § 1997e(a)").

Finally, plaintiff had available to him the BOP's three-step Administrative Remedy Program. The process allows inmates to seek redress for policies, conditions, and incidents that "affect them personally." 28 C.F.R. §§ 40.5, 542.10 *et seq*. First, an inmate must attempt to informally resolve his grievance with prison staff. *Id*. at § 542.13. If informal resolution is unsuccessful, the inmate should next file a formal complaint with the appropriate institutional staff member. *Id*. at § 542.14. If the warden does not respond to the complaint within fifteen days, the inmate may file an appeal with the BOP Regional Director. *Id*. at § 542.15. Following an unfavorable response by the Regional Director, the inmate may make a final appeal to the BOP General Counsel. *Id*. Only after an unfavorable response by the General Counsel are administrative remedies considered "exhausted," permitting an inmate to institute an action in district court. *See, e.g., Patel v. Fleming*, 415 F.3d 1105, 1109 (10th Cir. 2005) (detailing BOP procedures and noting that the PLRA requires total exhaustion within time limits set forth in 28 C.F.R. § 542).

Attached to defendants' motion are records from the BOP computerized database, SENTRY.[3] According to Stephanie Scannell, a Paralegal Specialist at FMC Devens whose declaration is also attached, SENTRY contains information on every administrative remedy claim

---

[3] Because the SENTRY records are publicly-available and plaintiff has not disputed their authenticity, the Court accepts them as accurate. *See* 28 C.F.R. § 542.19.

filed by inmates while housed in any federal institution, including dates and dispositions. On August 19, 2005, approximately five months after plaintiff filed the complaint with this Court, Scannell conducted a SENTRY search to determine if plaintiff had filed any administrative complaints relevant to the present allegations. The results, contained in the Administrative Remedy Generalized Retrieval, indicate that plaintiff has not filed any administrative complaints during his period of incarceration.

Where there are institutional procedures available that are designed to redress the type of harm plaintiff asserts, failure to exhaust those procedures warrants dismissal. *Porter*, 534 U.S. at 524; *Cf. Casanova v. Dubois*, 304 F.3d 75, 77-78 (1st Cir. 2002) (holding that because the Massachusetts Department of Corrections did not have a grievance procedure in place for complaints of the type brought by the appellants, the PLRA provided no basis to affirm a *sua sponte* dismissal of the appellants' complaint). Here, plaintiff has not disputed that he had access to the BOP Administrative Remedy Program, which allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).

### 2. Lack of Subject Matter Jurisdiction

Defendants contend that plaintiff's failure to exhaust available administrative remedies deprives the Court of subject matter jurisdiction. Every federal appellate court that has addressed the issue under the PLRA has held that failure to exhaust administrative remedies is not a jurisdictional bar. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1208 (10th Cir. 2003) (citing nine circuit court opinions between 1998 and 2002 holding that the § 1997e(a) exhaustion requirement does not deprive a court of subject matter jurisdiction). In 2002, the First Circuit "join[ed] the chorus of voices concluding that exhaustion is not a prerequisite to federal

jurisdiction." *Casanova v. Dubois*, 289 F.3d 142, 147 (1st Cir. 2002). Accordingly, defendants' motion is denied to the extent it argues that the Court is without subject matter jurisdiction.

### 3.  **Failure to State a Claim**

As noted, the PLRA's exhaustion provision is a prerequisite to bringing suit in federal court. *Maraglia*, 365 F. Supp. 2d at 80 (*citing Porter*, 534 U.S. at 520); *Casanova*, 289 F.3d at 147 (*citing Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001)). The PLRA exhaustion requirement, however, is an affirmative defense rather than a pleading requirement. *Casanova*, 304 F.3d at 78 n.3. Defendants thus bear the burden of pleading and proving that plaintiff has not met the exhaustion requirement. *Id*. (citations omitted). Dismissal for failure to state a claim is thus inappropriate.

### 4.  **Summary Judgment**

The question thus becomes whether summary judgment should enter for defendants. Defendants have offered computerized BOP records and the declarations of an FMC Devens Paralegal Specialist and two named defendants. Plaintiff has not filed any opposition to defendants' motion or accompanying exhibits, nor has he submitted evidence of his own.

In the absence of any evidence that plaintiff has in fact complied with the BOP's grievance procedures, or that prison administration improperly deterred his efforts to comply with those procedures, the Court cannot find that he satisfied the PLRA's exhaustion requirement.[4] Plaintiff

---

[4] In *Maraglia*, in which a *pro se* state inmate brought a § 1983 action against prison officials alleging violations of the Eighth Amendment, United States Magistrate Judge Collings converted the defendants' 12(b)(6) motion to one for summary judgment on the issue of whether the plaintiff exhausted his administrative remedies. The Court allowed the defendants approximately one week to file and serve any materials on the issue, and allowed plaintiff one month to submit authenticated materials proving that he exhausted or attempted to exhaust available administrative remedies. 365 F. Supp. 2d at 80. Similarly, in *Casanova*, the First Circuit remanded to resolve the issue of whether plaintiff had exhausted available administrative remedies. In that case, however, the record was "devoid of any evidence whatsoever on the issue of exhaustion." 289 F.3d at 147.

will be given the opportunity to come forward with evidence that he has exhausted his administrative remedies as to the claims against the remaining defendants.

Accordingly, defendants' motion to dismiss shall be deemed a motion for summary judgment on the question of whether plaintiff has exhausted his administrative remedies with respect to his claims against defendants Howard and Bhatti. The Court will consider the exhibits already submitted by defendants. If the defendants wish to file supplemental papers on the issue, they shall do so, in compliance with Fed. R. Civ. P. 56(e), by the close of business on April 10, 2006. Plaintiff may submit materials relevant to a finding that he did exhaust available administrative remedies, or, alternatively, that he was deterred from exhausting such remedies by the deliberate wrongful actions of defendants. *See Maraglia*, 365 F. Supp. 2d at 82. Any factual averments by plaintiff must be authenticated or made under oath in affidavit form. *See* Fed. R. Civ. P. 56(e). Plaintiff must file any documents by the close of business on May 10, 2006.

### C. Other Arguments

Because of the Court's resolution of the first two issues, it is not necessary at this juncture to address defendants' arguments concerning qualified immunity and the unavailability of a claim based on *respondeat superior* theory.

### III. Plaintiff's Motions for Summary Judgment and to Compel Answers to Interrogatories

On August 24, 2005, plaintiff filed two motions for "summary judgment" on his claims against Defendants Watkins and Howard. The motions, which actually seek default judgment, will be denied under Fed. R. Civ. P. 55(e), which provides that "no judgment by default may be entered against the United States or an officer or agency thereof unless the claimant establishes a

claim or right to relief by evidence satisfactory to the court." Plaintiff also filed a motion to compel Defendant Howard to answer interrogatories. This motion is also denied without prejudice to its renewal should this case proceed to the discovery stage.

## IV. Conclusion

For the foregoing reasons:

1. Defendants' motion to dismiss is GRANTED as to defendants Watkins and Wiegers;

2. Defendants' motion to dismiss is DENIED as to defendants Howard and Bhatti;

3. Pursuant to Rule 12(b), defendants' motion to dismiss is deemed to be a motion for summary judgment on the question of whether plaintiff has exhausted available administrative remedies. Defendants shall have until April 10, 2006, in which to submit any supplemental pleadings or evidence on the subject. Plaintiff shall have until May 10, 2006, in which to file any opposing pleadings or affidavits or other evidence;

4. Plaintiff's motions for summary judgment are DENIED; and

5. Plaintiff's motion to compel answers to interrogatories is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: March 29, 2006